IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CR-32-FL-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| KELVIN ALEXANDER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion to dismiss count two of the indictment (DE 26). The government has responded in opposition, and in this posture the issues raised are ripe for ruling. For the following reasons, the motion is denied.

### STATEMENT OF THE CASE

Indictment filed January 24, 2019, charges defendant with 1) Hobbs Act robbery (count one), 2) brandishing a firearm in furtherance of a crime of violence (count two), and 3) felon in possession of firearm (count three). In the instant motion, filed July 30, 2019, defendant seeks dismissal of count two on the ground that Hobbs Act robbery does not qualify as a "crime of violence" under 18 U.S.C. § 924(c)(3)(A)'s "force clause." (Def's Mot. (DE 26) at 2). The government opposes the motion on the ground that the motion is foreclosed by recent binding precedent.

### COURT'S DISCUSSION

After defendant filed the instant motion, on July 31, 2019, the United States Court of Appeals for the Fourth Circuit held in a published decision "that Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)." United States v. Mathis, ___ F.3d ___,

2019 WL 3437626, at *16 (4th Cir. 2019). Accordingly, defendant's motion is foreclosed by binding authority, and it must be denied.

## CONCLUSION

Based upon the foregoing, defendant's motion to dismiss (DE 26) is DENIED.

SO ORDERED, this the 15th day of August, 2019.

                                         LOUISE W. FLANAGAN
                                         United States District Judge